57 F.3d 1081
 76 A.F.T.R.2d 95-5181
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America and Vicki Meek, Revenue Officer
Internal Revenue Service, Petitioners-Appellees,
v.
Thomas H. SMITH, Respondent-Appellant.
 No. 94-4115.
(D.C. No. 93-CV-325)
 United States Court of Appeals, Tenth Circuit.
 June 16, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This controversy stems from a petition filed by the Internal Revenue Service (IRS) to enforce two summonses served on respondent Thomas H. Smith. The district court granted the petition to enforce. Smith appealed that enforcement order to this court, but we dismissed the appeal for his failure to prosecute. Thereafter, Smith refused to comply with the summonses. The government then made a motion to hold Smith in contempt. After a show cause hearing the court ordered imprisonment until Smith complied with the order, and it imposed a fine of $14,421.90. The instant appeal is from that contempt order.
 
 
 3
 After filing the notice of appeal Smith purged himself of the contempt and was released from custody. It appears he has not yet been relieved of the fine, but the court has appointed counsel to represent Smith and agreed to further hearings with respect to the fine. See I R. tab 38, 45; V R. 54. The government argues that the appeal is moot because Smith purged himself of contempt and was released from custody. It argues that the fine is not in issue on this appeal, and thus Smith is suffering no collateral consequences of the contempt adjudication.
 
 
 4
 We agree that the appeal is moot. When we dismissed Smith's appeal of the enforcement order for his failure to prosecute, that order became final and binding upon Smith. Most of his arguments to the district court in the contempt proceeding and on appeal before us go to the merits of that order.[2] These arguments are foreclosed by the finality of the enforcement order. A "contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." Maggio v. Zeitz, 333 U.S. 56, 69 (1948). The only question at the contempt hearing was whether Smith had complied or was capable of obeying the court's enforcement order. See United States v. Rylander, 460 U.S. 752, 757 (1983). There is no doubt from the record that Smith failed to comply until he purged himself of the contempt. He is no longer incarcerated so that aspect of the court's order is moot. There is no final district court decision on the fine, and therefore nothing for us to consider on appeal.
 
 
 5
 The appeal is DISMISSED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 These issues include that the summonses violated the Privacy Act, that Smith is not a taxpayer subject to the summonses, the IRS has not followed proper tax collection procedures, that the IRS enforcement authority is limited to activities involving alcohol, tobacco and firearms, and that the IRS somehow is not an agency of the government